IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LEE CRAYTON, PRO SE, | § | |
| TDCJ-CID No. 918103, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:08-CV-0068 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| CAPTAIN NFN NOVACK, | § | |
| Lt. NFN NEW, Sgt. NFN LINDSEY, | § | |
| NFN BONHOME, and Sgt. NFN BENNET, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff LEE CRAYTON, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Institutional Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed *in forma pauperis*.

Plaintiff alleges that, on August 4, 2007, he was working in High Security with another inmate loading food carts, when extremely hot coffee spilled on his feet because the latches on the food cart were broken. Plaintiff says he wasn't wearing proper foot gear at the time and his feet were burned by the hot coffee. Plaintiff alleges the Kitchen Supervisor, defendant BONHOME was not present, but was in her office, when the accident occurred. He states after the accident she called her supervisors, defendant Lt. NEW, defendant Sgt. LINDSEY, and a Sgt. Miller.

Plaintiff says he was escorted to the High Security E.R. Room where he was treated by a Nurse Anderson. Plaintiff says when the nurse asked what happened, defendant NEW replied

plaintiff had fallen, that he was wasn't wearing the proper foot gear and the floor was slippery. Plaintiff complains this wasn't true; none of the supervisors was present; and none of them could fill out an incident report. Plaintiff further complains that, after the nurse bandaged his feet, he had to walk from the High Security E.R. to the Medical Building without a wheel chair. Plaintiff further complains defendants Captain NOVACK and Lt. NEW stated plaintiff fell when he didn't and actually the cause of the accident was the broken latches.

Plaintiff further alleges defendant Captain NOVACK personally visited plaintiff a few days later to assure him he would not receive a major case for the incident, took plaintiff's statement on the incident, and allowed plaintiff to read the statements given by the inmate working with plaintiff and by the Nurse and Kitchen Manager BONHOME. Plaintiff alleges a Sgt. Sanchez, not named as a defendant, tried to intimidate plaintiff "to see why plaintiff was writing everybody from a step one grievance" and that plaintiff contacted Sgt. BENNETT[1].

Plaintiff states he is suing defendants NOVACK and NEW "under color of state and federal law/personal injury strict liability/ constitutional rights violations." Plaintiff states he is suing defendants LINDSEY, BONHOME, and BENNET for "strict liability/constitutional rights violations."

Plaintiff requests nominal, compensatory, and punitive damages, and attorney's fees and costs.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of

---

[1] At this point in his complaint, plaintiff spells Sgt. Bennett's name with two "t's." The Court assumes plaintiff means defendant Sgt. BENNET.

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

As to plaintiff's request for attorney's fees, attorney's fees are not available to a non-attorney, pro se litigant. *See McLean v. Int'l Harvester Co.*, 902 F.2d 372, 373 (5th Cir. 1990).

Plaintiff's allegations indicate he was injured because of broken latches on the food cart and because he wasn't wearing the proper foot gear. Although plaintiff has not made such an allegation, even if plaintiff had alleged any one or more of the defendants was responsible for the food carts being in good repair or for plaintiff's foot gear, his allegations would present, at most, a claim of simple negligence. Section 1983 creates liability for deprivation of constitutionally protected rights, not for violations of tort duties of care. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); *see, also, Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

67, 88 L.Ed.2d 662 (1986)(inmate slipped on pillow left on stairs); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)("negligent medical care does not constitute a valid section 1983 claim."). Strict liability is a tort concept and does not apply to claims under section 1983.

Plaintiff has made no allegation of any sort concerning defendant QUARTERMAN. It appears plaintiff's claim against this defendant and, perhaps to some extent, against some of the other defendants as well, may be based on their supervisory positions; however, the acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Plaintiff has alleged no personal involvement by defendant QUARTERMAN and has not alleged any connection between any act or omission of any of the defendants and the accident he suffered.

To the extent plaintiff is alleging defendants NOVACK, NEW, and LINDSEY did not fill out or, because they were not present at the time of the accident, should not have filled out incident reports, this does not state a claim of constitutional dimension. The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have prison regulations enforced by federal courts. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*,

911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claim in this respect lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Lastly, to the extent plaintiff is claiming defendants should have called for a wheelchair, instead of having him walk from High Security to the infirmary, plaintiff has alleged no fact showing this constituted deliberate indifference by the defendants to a serious medical need of his. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994).

Plaintiff alleges that after the accident, he was escorted to High Security ER where a nurse bandaged his feet and then he was escorted to the infirmary, where they took pictures of his red feet. The redness of his feet would not indicate plaintiff was unable to walk and, in fact, it is clear he was able to do so. Further, plaintiff states he did not say anything to any of the defendants about wanting a wheelchair. The facts alleged by plaintiff do not support a claim of

deliberate indifference to his serious medical need but, instead, show his medical needs received prompt and appropriate attention.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff LEE CRAYTON be DISMISSED WITH PREJUDICE AS FRIVOLOUS and FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 14th day of October 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).